IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAM K., by and through his PARENTS, DIANE C. and GEORGE K., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Civ. No. 12-00355 ACK-BMK |
| DEPARTMENT OF EDUCATION, State of Hawaii, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER GRANTING PLAINTIFFS' MOTION FOR STAY PUT

### I.  PROCEDURAL BACKGROUND

This case comes before the Court on Plaintiffs' Motion for Stay Put under the Individuals with Disabilities Education Act ("IDEA") and in accordance with Rule 7(b) of the Federal Rules of Civil Procedure and 20 U.S.C. § 1415(j).

Prior to initiation of the instant action, Parents filed a request for an impartial hearing on behalf of Sam K. and his parents on or about October 21, 2011.  (See Mem. in Supp. of Mot. for Stay Put, Ex. 5.)  In his May 24, 2012 Findings of Fact and Conclusions of Law, the Hearings Officer determined, among other things, that Sam K.'s placement at Loveland Academy was an

appropriate placement for the 2010-2011 school year, however Plaintiffs were not entitled to reimbursement due to the applicable statute of limitations. Id. at Ex. 5, p. 33. The Hearings Officer further stated that he had no jurisdiction to make an order whether or not Stay Put was applicable to any time period during which the DOE allegedly failed to make outstanding payments. Id. at 32.

On June 20, 2012, Sam K. ("Student") filed a complaint by and through his parents, Diane C. and George K (collectively, "Parents"), against defendant Department of Education, State of Hawaii (hereinafter, "Defendant" or "DOE"). (Doc. No. 4). Through their Complaint, Plaintiffs ask the court to review the records of the administrative proceedings in which the Hearings Officer concluded that Plaintiffs' claim for reimbursement for Student's placement at a private school for the 2010-11 school year was barred by the provisions of H.R.S. § 302A-443(a)(2). Compl. ¶¶ 9-11. Plaintiffs seek an order affirming in part and reversing in part the Hearings Officer's May 24, 2012 decision, and compelling Defendants to reimburse Loveland Academy for amounts owed. Id. at 4.

On June 27, 2012, Plaintiffs filed a Motion for Judgment as a Matter of Law for Stay Put, as well as a memorandum in support of their motion and various declarations and exhibits. (Doc. No. 9.) Plaintiffs supplemented their motion with an

errata on June 29, 2012.  (Doc. No. 11.)

Defendants filed an Answer to the Complaint on July 19, 2012.  (Doc. No. 18.)  Subsequently, on July 23, 2012, Defendants filed a memorandum in opposition to Plaintiffs' Motion for Stay Put.  (Doc. No. 19.)  Plaintiffs filed a Reply on July 30, 2012. (Doc. No. 20.)

## II.  FACTUAL BACKGROUND

Plaintiffs bring this action as a continuation of litigation that first began in 2003, when the parents of Sam K., a disabled student, sought: (1) to have Sam K. deemed eligible for special education and related services; and (2) to obtain payment for those educational services.  (Mem. in Supp. of Mot. for Prelim. Inj. at 1.)  The issues raised in the instant action, as well as the parties, are substantially identical to two prior cases before this Court:  (1) D.C. v. Dep't of Educ., Civ. No. 05-00562 Ack-BMK, *Order Remanding Administrative Decision* (Doc. No. 25, June 23, 2006) (wherein the Court ordered the Hearings Officer to determine Sam K. eligibility under the IDEA) ("D.C."); and (2) D.C., et al. v. Dep't of Educ., 550 F. Supp. 2d 1238 (D. Haw. 2008) (wherein the Court determined that Sam K. had been denied a Free Appropriate Public Education ("FAPE")) (hereinafter, "D.C. II").[1/]  Id. at 2.

_____

[1/] Both D.C. and D.C. II were suits brought by Sam K.'s parents, D.C. and G.K., as guardians ad litem on behalf of Sam
(continued...)

-3-

In D.C. II, the Court determined that the DOE had not timely offered Sam K. an appropriate IEP, and also concluded that his placement at the private school was bilateral rather than unilateral, and that because the placement was bilateral the DOE was required to pay for Sam K.'s special education and related services at Loveland Academy. Id. at 3 (citing 550 F. Supp. 2d at 1247).

Plaintiffs allege that notwithstanding this Court's ruling, the DOE has continued to refuse to timely provide Sam K. with an appropriate IEP or to pay for special education and related services at Loveland Academy. Id. at 3. In response, Parents again filed requests for Due Process hearings pursuant to 20 U.S.C. § 1415 on March 10, 2010, seeking tuition reimbursement for the 2007-2008, 2008-2009, and 2009-2010 school years, including extended school years ("ESY"). Id. Further, because the DOE allegedly did not timely offer Sam K. an IEP or FAPE for the 2010-11 school year, Parents filed a fourth request for Due Process hearing regarding that failure. Id.

Following the filing of the fourth request for Due Process, on May 18, 2010 Parents and the DOE entered into a settlement agreement pursuant to which the DOE agreed to pay for Sam K.'s special education and related services at Loveland for

_____

1/ (...continued)
K., an incompetent minor.

-4-

the 2007-2008, 2008-2009, and 2009-2010 school years, including

ESY. <u>Id.</u> at Ex. 3. The settlement agreement did not cover the

2010-2011 school year, and the DOE did not have an IEP in place

for Student prior to the beginning of the 2010-2011 school year.

(Mem. in Supp. of Mot. for Stay Put, Ex. 5 at 6.)

Sam K. has attended Loveland continuously since 2003.

<u>Id.</u> On October 21, 2011, Parents filed a fifth request for Due

Process because the DOE failed to timely provide an appropriate

IEP. <u>Id.</u> After four days of hearing, on May 24, 2012, the

Hearings Officer ruled in his Decision that Sam had been denied a

FAPE by the DOE, and that Loveland Academy was an appropriate

placement. <u>Id.</u> at Ex. 5 p. 33.[2/] However, the Hearings Officer

refused to order reimbursement for the 2010-2011 school year,

concluding that Sam K.'s request for same was time-barred

---

[2/] The Court notes that in one of his earlier conclusions
the Hearings Officer appears to make a contradictory
determination that Sam K.'s placement at Loveland for the 2010-
2011 school year was unilateral (May 24, 2012 Findings of Fact
and Conclusions of Law, Mot. for Stay Put., Ex. 5 at 27-30);
notwithstanding his ultimate decision that "Private School was an
appropriate placement for Student for the 2010-2011 school year,"
and thus bilateral. <u>Id.</u> at 33. Moreover, the Hearings Officer
concluded that: (1) "the DOE did predetermine placement to be
appropriate at DOE Proposed Placement in advance and without any
significant parental input" and "the IDEA is violated when the
DOE predetermines placement for Student before the IEP is
developed" (<u>id.</u> at 21, 22); (2) "The evidence regarding DOE
Proposed Placement demonstrated that placement of Student there
was ill-advised, inappropriate, and potentially disastrous to
Student and his education . . . and denied Student FAPE" (<u>id.</u> at
25); and (3) "Private School is an appropriate placement for
purposes of reimbursement" (<u>id.</u> at 26).

-5-

pursuant to H.R.S. § 302A-443(a)(2).  Id.[3/]  Plaintiffs appeal

this ruling in the Complaint in the instant action.  Id.

Because the DOE has refused to pay for Sam K's program

at Loveland since August 2010, Parents have been informed that

Sam K. will be forced to leave Loveland imminently.[4/]  Id.

## III.  STANDARD

**Motion For Stay Put**

A motion for stay put relief functions as an

"automatic" preliminary injunction; the moving party need not

establish the traditional factors necessary to obtain preliminary

relief.  Joshua A. v. Rocklin Unified Sch. Dist., 559 F.3d 1036,

1037 (9th Cir. 2009) (citation omitted).  The automatic

injunction standard, however, only applies when the court

---

[3/] H.R.S. § 302A-443(a)(2) provides the statute of
limitations for requesting an impartial due process hearing in
the context of a unilateral placement, and provides that such a
request must be made within one hundred and eighty (180) calendar
days of a unilateral special education placement where the
request is for reimbursement of the costs of placement; whereas
the statute of limitations involving a bilateral placement is two
years.  H.R.S. § 302A-443(a)(1).  The Court notes that in
reaching his conclusion that Plaintiffs' request for
reimbursement was time-barred under this provision, the Hearings
Officer apparently had concluded that Sam K.'s placement was
unilateral rather than bilateral.  See Mem. in Supp. of Mot. for
Stay Put, Ex. 5 at 27-30.

[4/] Specifically, in its Motion for Stay Put filed on June
29, 2012, Plaintiffs asserted that Parents were informed that Sam
K. would have to leave Loveland "at the end of this month."  Id.
at 4.

considers a stay put motion; it does not apply to a preliminary injunction motion that affects a stay put invocation, but is not itself the invocation.  N.D. v. Haw. Dep't of Educ., 600 F.3d 1104, 1112 (9th Cir. 2010) (holding that the district court did not err in applying the traditional preliminary injunction factors).

## IV.  DISCUSSION

### A.  Plaintiffs' Motion for Stay Put

In their Motion for Stay Put, Plaintiffs assert that Sam K. has been continuously placed at Loveland since 2003 pursuant to a Hearings Officer's decision, this Court's orders, and a 2010 settlement agreement with the DOE.  (See Mem. in Supp. of Mot. for Stay Put at 7.)  Accordingly, Plaintiffs contend, Loveland Academy remains the "last agreed upon educational placement" and is therefore the "then current educational placement" for purposes of Stay Put.  Id. at 7-8.  Plaintiffs state that the Stay Put relief that Plaintiffs seek functions as an "automatic" preliminary injunction, such that Plaintiffs need not establish the traditional factors necessary to obtain Stay Put relief.  Id. at 6 (citing Joshua A., 559 F.3d at 1037).

Plaintiffs assert that the DOE has failed to make Stay Put payments from the date of Plaintiffs' request for a Due Process hearing on October 21, 2011 through the present, and argue that Stay Put should continue throughout the proceedings

-7-

currently before this Court, as well as throughout any subsequent appeal or remand and irrespective of whether Plaintiffs ultimately prevail on the merits. Id. (citing Joshua A., 559 F.3d at 1037, Clovis, 903 F.2d at 641).

Plaintiffs contend that by refusing to make Stay Put payments, Defendant has violated the IDEA and jeopardized Sam K.'s receipt of special education and related services at Loveland Academy. Id. at 9. Further, Plaintiffs state that the DOE's failure to make Stay Put payments constitutes a unilateral placement, which is prohibited by the IDEA. Id. at 8-9.

## B. Defendants' Opposition Memorandum

Although Defendant concedes that pursuant to the written settlement agreement dated May 3, 2010, the DOE agreed to pay for Sam K's tuition at the private school through the end of the 2009-2010 school year including ESY, Defendant states that the settlement agreement did not cover the 2010-2011 school year, nor did it call for Sam K.'s "placement." (Opp. Mem. at 3.) Instead, Defendant asserts, the settlement agreement only required tuition reimbursement. Id. Accordingly, it is Defendant's position that although the settlement agreement established Sam K.'s placement as bilateral through the end of the 2009-2010 school year including ESY, it did not establish Sam K.'s placement at Loveland as bilateral for the 2010-2011 school

-8-

year.  Id. at 4.[5/]

Defendant argues that any implied decision by a
Hearings Officer that Sam K.'s private placement was appropriate
for the 2005-2006 school year cannot be "stretched" into an
implication that the same placement is appropriate five years
later, when Sam K. is now 16 year old and of mid-high school age.
Id.[6/]  Defendant argues that the May 2010 settlement agreement
failed to cause a bilateral placement in Student's private
placement at Loveland, and accordingly Plaintiffs unilaterally
placed Sam K. at Loveland Academy for the 2010-2011 school year.
Id. at 12.[7/]  Consequently, Defendant argues that because
Loveland is not Sam K.'s then-current educational placement,
Plaintiffs are not entitled to Stay Put for Loveland tuition
payments during the pendency of this appeal.

_____

[5/] Defendant also states that at the time of the settlement
agreement, it was Defendant's position that Loveland Academy was
not an appropriate placement for Sam K. after the 2009-2010
school year, although the DOE had agreed to pay for tuition
reimbursement as part of the settlement agreement.  Id. at 16.

[6/] Defendant also argues that there was nothing in this
Court's 2008 decision in D.C. II that made it applicable to
subsequent school years, and the Ninth Circuit has since
clarified the law in K.D.  Id. at 6.

[7/] The Court observes that the Hearings Officer actually
stated that the May 3, 2010 settlement agreement did establish
Sam K.'s placement at Loveland as bilateral through the end of
the 2009-2010 school year, including ESY, but that it did not
establish Sam K.'s placement as bilateral for the 2010-2011
school year, a year that was not covered under the terms of the
settlement agreement.  See Hearings Officer's Findings of Fact
and Conclusions of Law, Mot. for Stay Put., Ex. 5 at 28.

-9-

Defendant argues that the Ninth Circuit's recent decision in K.D. called into question any continued application of this Court's decision in D.C. II. Id. at 16. Defendant emphasizes that in K.D., the Ninth Circuit held that the private school (also Loveland Academy) was not the student's Stay Put placement based upon a 2007 settlement agreement (that plaintiffs stated was not time limited), focusing on the fact that the settlement agreement referred to "payment" and did not discuss the student's "placement," and concluding that the settlement agreement did not operate to change the placement from unilateral to bilateral. Id. at 18. In K.D., the Ninth Circuit held that the plaintiffs were not entitled to Stay Put relief because the DOE only agreed to pay tuition for a limited time (an earlier school year) under the terms of the applicable settlement agreement, and never affirmatively agreed to place the student at Loveland Academy. 665 F.3d at 1121.

Further, Defendant argues that Plaintiffs are not entitled to Stay Put because they failed to properly appeal the Hearings Officer's administrative decision within the designated 30-day filing period. Id.[8/] Defendant asserts that Plaintiffs

---

[8/] Specifically, Defendant asserts that Plaintiffs' claim for reimbursement, which was filed on October 21, 2011, was untimely and precluded by H.R.S. 302A-443(a)(2) because it was more than 180 calendar days after the DOE's March 9, 2011 letter wherein the DOE confirmed that the IEP process was completed with an offer of FAPE. Id. at 8-9.

have failed to explain how they are entitled to Stay Put status when a clear violation of the applicable statute of limitations has already been found, and argue that an order granting Stay Put would undermine the purpose of the statute of limitations.  _Id._

## C.  Plaintiffs' Reply

In their Reply, Plaintiffs underscore that Stay Put is not a merits determination, and reiterate that once filed, a motion for stay put relief should function as an "automatic" injunction.  Reply at 2-3 (citing _Joshua A._, 559 F.3d at 1037) (citations omitted).  This is the case, Plaintiffs contend, irrespective of which party ultimately prevails on the merits. _Id._ at 3.

Plaintiffs also assert that the cases cited by Defendant are inapposite because Loveland Academy is, in fact, Sam K.'s "current educational placement."  _Id._  Plaintiffs contend that _K.D._, wherein the Ninth Circuit denied Stay Put relief, is distinguishable from the instant case because unlike here, "there was no favorable agency or district court decision agreeing with [the student's] initial unilateral placement."  _Id._ at 4 (citing _K.D._, 665 F.3d at 1118).  In the instant action, a Hearings Officer determined on two separate occasions that Loveland was Sam K's placement, and Plaintiffs submit that no intervening decision has altered Sam K.'s placement.  _Id._ at 4-

5.[9/]  Significantly, Plaintiffs also note that the Hearings
Officer in his May 24, 2012 decision found and concluded that
Loveland was an "appropriate" placement for Sam K. for the 2010-
2011 school year.  Id. at 5-6 (citing Ex. 5 at 33.)  The Court
also notes that its April 10, 2008 Order found Loveland to be the
appropriate placement for Sam K.  D.C. II, 550 F. Supp. 2d at
1252.

Further, Plaintiffs argue that the fact that the
Hearings Officer ruled that Plaintiffs were not entitled to
reimbursement based upon the statute of limitations under H.R.S.
§ 302A-443(a)(2) does not impact the fact that Sam K's placement
was and continues to be at Loveland Academy.

Additionally, Plaintiffs contend that counter to
Defendant's assertion, the rules of Stay Put are legal and not
equitable, and seek to prevent exactly what the DOE is doing in
the instant case:  trying to force a change in Sam K.'s placement
by refusing to pay for services.  Id. at 7.  Finally, Plaintiffs
dismiss Defendant's argument that Plaintiffs should be barred
from obtaining Stay Put relief because they failed to raise this
issue in their Complaint.  Id.  This Motion for Stay Put,

---

[9/] Specifically, Plaintiffs note that there have been two
favorable agency or district court decisions (in 2006 and 2008)
regarding Sam K.'s placement at Loveland Academy, pursuant to
which Plaintiffs contend that Loveland became Sam K.'s "current
educational placement" for purposes of the Stay Put provision.
Reply at 4.

Plaintiffs argue, "[is] not based on the merits which form the basis of Plaintiffs' appeal, but a procedural requirement to preserve the status quo." <u>Id.</u>

## D. Analysis

The IDEA ensures that "all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment and independent living." 20 U.S.C. § 1400(d)(1)(A). Additionally, the IDEA "aims to ensure that handicapped children are provided public education appropriate for their needs, and are not 'left to fend for themselves in classrooms designed for education of their non-handicapped peers.'" <u>Id.</u>

The IDEA's Stay Put provision, entitled "Maintenance of current educational placement," provides:

> Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. 1415(j).

Although the statute itself does not speak of payment or reimbursement, the Ninth Circuit has interpreted the stay put

provision as requiring a school district to fund the child's "current educational placement" at a private school, when applicable, during the pendency of any administrative or judicial proceedings under the IDEA.  See Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings, 903 F.2d 635, 641 (9th Cir. 1990) (per curiam).

The IDEA does not define the phrase "current educational placement." However, the Ninth Circuit has interpreted the phrase to mean "the placement set forth in the child's last implemented [Individualized Education Program]." L.M. v. Capistrano Unified Sch. Dist., 556 F.3d 900, 902-03 (9th Cir. 2009) ("Capistrano") (citing Johnson v. Special Educ. Hearing Office, 287 F.3d 1176, 1180 (9th Cir, 2002); Drinker v. Colonial Sch. Dist., 78 F.3d 859, 867 (3d Cir. 1996); and Thomas v. Cincinnati Bd. of Educ., 918 F.2d 618, 625 (6th Cir. 1990)).

A post-placement administrative or judicial determination can also define the "current educational placement" of a child.  "Where a parent unilaterally changes the placement of a child, but a subsequent administrative or judicial decision confirms that the parental placement is appropriate, . . . the placement becomes the 'current educational placement' for the purposes of the stay put provision."  K.D., 665 F.3d at 1118 (quoting Clovis, 903 F.2d at 641).  "However, such a favorable decision for a parent must expressly find that the private

placement was appropriate." Id. (citing <u>Capistrano</u>, 556 F.3d at 903-04).

The instant motion does not seek a determination on the merits, but rather it is a limited request that the DOE make Stay Put payments during the pendency of the current appeal. The central issue in determining Plaintiffs' entitlement to Stay Put is whether Loveland is Sam K's "current educational placement" within the meaning of 20 U.S.C. § 1415(j). <u>See</u> <u>K.D.</u>, 665 F.3d at 1118.

Defendant relies heavily upon the Ninth Circuit Court of Appeals' recent decision in <u>K.D.</u>, 665 F.3d at 1118. The dispute in that case centered on the effect, if any, of a settlement agreement on the student's educational placement, in determining the student's entitlement to Stay Put relief. <u>Id.</u> The plaintiff argued that he was placed at the private school (Loveland Academy) by a March 2007 settlement agreement, and therefore Loveland remained his "current educational placement" because he continued to attend school and never accepted any of the subsequent IEPs offered by the DOE. <u>Id.</u> However, the DOE contended that the settlement agreement did not make Loveland the student's placement for Stay Put purposes and only required the DOE to pay tuition for the previous year. <u>Id.</u>

The court in <u>K.D.</u> focused on the fact that the student's settlement agreement with the DOE never called for

'placement,' and only required tuition reimbursement.  Id. at
1119.  Moreover, the K.D. court noted that the settlement
agreement stated that the student would transition to a public
school at the end of the school year for which the DOE agreed to
pay tuition reimbursement, evidencing that the parties did not
agree that Loveland was an appropriate placement going forward
Id.  The court also noted that the DOE's proposed 2007 IEP
clearly showed that the DOE did not consider it appropriate for
the student to remain at Loveland Academy.  Id. at 1120.
Significantly, the court found that "[i]n this case, at the time
the due process hearing was filed, K.D. had attended Loveland for
over a year without the DOE's permission and in spite of numerous
letters from the DOE stating that they would not pay for his
continued attendance there."  Id.  Accordingly, the court held
that Loveland was not the student's stay put placement because
the DOE had only agreed to pay tuition for the limited 2006-2007
school year and never affirmatively agreed to place K.D. at
Loveland.  Id. at 1121.

　　There are obvious factual similarities and
dissimilarities between K.D. and the instant case.  It is true
that in the instant action, the March 10, 2010 settlement
agreement never called for "placement," and only covered tuition
reimbursement.  (See Mem. in Supp. of Mot. for Stay Put, Ex. 3.)
This fact, according to the Ninth Circuit, "is not an

insignificant semantic difference . . . . Rather, it was logical

for the DOE to settle the case by agreeing to pay tuition for a

limited amount of time in order to avoid the costs associated

with a full due process hearing.  However, it does not follow

that, by doing so, the DOE had conducted the detailed evaluation

required to determine whether Loveland was the proper institution

for K.D. under the IDEA."  K.D., 665 F.3d at 1119.

While K.D.'s settlement agreement stated that the

student would transition to a public school at the end of that

school year (665 F.3d at 1119); the March 10, 2010 settlement

agreement in the instant action simply stated, "Parent to

participate in an IEP/Reevaluation meeting by the end of June

2010."  (Mem. in Supp. of Mot. for Stay Put, Ex. 3 at 1.)

The Court observes that there is a significant

distinction between the instant case and K.D.  Notably, the Ninth

Circuit has previously held that "a post-placement administrative

or judicial determination can operate to define the 'current

educational placement' of a child.  Where a parent unilaterally

changes the placement of a child, but a subsequent administrative

or judicial decision confirms that the parental placement is

appropriate, the decision 'constitute[s] an agreement by the

State to the change of placement' and the placement becomes the

'current educational placement' for the purposes of the stay put

provision."  K.D., 665 F.3d at 1118 (citing Clovis, 903 F.2d at

-17-

641) (citations omitted).  In <u>K.D.</u>, the court found that "there was no favorable agency or district court decision agreeing with K.D.'s initial unilateral placement at Loveland.  Rather, K.D. urges us to construe the March 2007 settlement agreement as having the same effect."  <u>Id.</u>

Importantly, in the instant action, the Hearings Officer ruled in his Decision that Loveland was an appropriate placement for Sam K. for the 2010-2011 school year in his May 24, 2012 Findings of Fact and Conclusions of Law. (<u>See</u> Mem. in Supp. of Mot. for Stay Put, Ex. 5 at 33.)  Further, Sam K.'s actual placement has never changed from the time of this Court's initial ruling in 2008.  (<u>See</u> <u>D.C. II</u>,550 F. Supp. 2d at 1247.) Consequently, the Court finds that pursuant to the Hearings Officer's May 24, 2012 determination that Loveland Academy was an "appropriate" placement, Loveland is a bilateral placement and the "current educational placement" for purposes of this Motion for Stay Put.[10/]

The Court concludes that under the instant facts, Plaintiffs are entitled to Stay Put.  Although Defendant relies upon various cases involving requests for injunctive relief under

_____

[10/] The Court notes that the Hearings Officer found (although perhaps erroneously, in light of <u>K.D.</u>) that the May 18, 2010 settlement agreement established Loveland Academy as a bilateral placement through the end of the 2009-2010 school year.  <u>See</u> May 24, 2012 Findings of Fact and Conclusions of Law, Mot. for Stay Put, Ex. 5 at 28.

-18-

the IDEA,[11/] the Court finds that the instant action is a straightforward Motion for Stay Put.  It is well-settled that this type of motion does not require the moving party to establish the traditional factors necessary to obtain preliminary relief; it functions as an "automatic" preliminary injunction.  See Joshua A., 559 F.3d at 1037 (citations omitted).  Further, "the fact that the stay put provision requires no specific showing on the part of the moving party, and no balancing of equities by the court, evidences Congress's sense that there is a heightened risk of irreparable harm inherent in the premature removal of a disabled child to a potentially inappropriate educational setting . . . .  It is unlikely that Congress intended this protective measure to end suddenly and arbitrarily before the dispute is fully resolved."  Id. at 1040.

       With respect to Defendant's argument that Plaintiffs should not be awarded Stay Put because their claim for reimbursement was untimely and thus precluded by the statute of limitations under H.R.S. § 302A-443(a)(2), the Court observes that Defendant does not cite to any case law to support this assertion that Stay Put should be denied based upon a statute of limitations issue that is currently on appeal.  Stay Put is available to Plaintiffs by statute, and Congress has evinced a strong policy of protecting the status quo of a child's then-

_____

[11/] See Opp. Mem. at 13.

current educational placement, regardless of the outcome on the merits. Because Plaintiffs have appealed the Hearings Officer's decision and the Court has determined that Loveland is Sam K.'s "then-educational placement" for purposes of this action, the Court concludes that Plaintiffs are entitled to Stay Put regardless of whether they ultimately prevail on the merits with respect to whether they are barred from seeking reimbursement for past tuition payments at Loveland due to statute of limitations concerns.

In K.D., the court acknowledged that the purpose behind the stay put provision of the IDEA was to maintain the status quo. 665 F.3d at 1120. Having concluded that Loveland Academy is Sam K.'s then-current educational placement, the Court grants Plaintiffs' Motion for Stay Put in order to maintain the status quo during the pendency of the instant appeal, and in order to uphold the mandates of the IDEA and the significant policy concerns for which it was enacted.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Stay Put.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 22, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Sam K., et al. v. Dep't of Educ., State of Hawaii, et al., Civ.
No. 12-00355 ACK-BMK:  Order Granting Plaintiffs' Motion for Stay
Put.