IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAM K., et al. | ) | CV. NO. 12-00355 ACK-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFFS' MOTION FOR |
| | ) | ATTORNEYS' FEES BE |
| DEPARTMENT OF EDUCATION, | ) | GRANTED IN PART AND |
| STATE OF HAWAII | ) | DENIED IN PART |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiffs Sam K., Diane C., and George K's motion for attorneys' fees and costs. (Doc. # 49.) After careful consideration of the motion, the supporting and opposing memoranda, and the attached documentation, the Court FINDS and RECOMMENDS that Plaintiffs' motion for attorneys' fees be GRANTED IN PART.[1]  Specifically, the Court awards Plaintiffs $77,745.10 in attorneys' fees and costs.

BACKGROUND

The background of this Individuals With Disabilities Education Act

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

("IDEA") case is summarized in the Court's February 13, 2013 Order Affirming in Part and Reversing in Part the Hearing Officer's decision. (Doc. # 46.) Briefly stated, the Court reversed the Hearing Officer's decision denying Plaintiffs reimbursement. (Doc. # 46 at 37-38.) Plaintiffs then filed the instant motion for attorneys' fees, and the DOE asserts that Plaintiff counsel's rate is unreasonable and that he spent an excessive amount of time on this case. As discussed below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

## DISCUSSION

The IDEA permits the award of attorneys' fees to a prevailing party. 20 U.S.C. § 1415(i)(3)(B). The DOE argues that the Plaintiffs have not yet prevailed in light of the notice of appeal it filed. (Doc. # 51 at 2.) The Ninth Circuit has held that district courts may consider motions for attorneys' fees even after an appeal has been filed. Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956-57 (9th Cir.1983) (holding that the district court retains the power to award attorneys' fees after the notice of appeal from the decision on the merits has been filed). Plaintiffs also succeeded in obtaining tuition reimbursement, which makes them a prevailing party. See Parents of Student W. v. Puyallup Sch. Dist. No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (defining a prevailing party as "a party

which 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'"); Witkowski v. International Broth. of Boilermakers, Iron Shipbuilders, Local Union 154, Civ. No. 06-874, 2010 WL 1433104, at *3 (W.D. Pa. Apr. 7, 2010) (considering fees motion while case was on appeal).

The critical question in this case is the amount of fees and costs Plaintiffs are entitled to. To determine whether a fee award is reasonable, the Court must scrutinize the reasonableness of the number of hours expended and the hourly fee claimed. Long v. I.R.S., 932 F.2d 1309, 1313-14 (9th Cir. 1991). If those two figures are reasonable, then "there is a 'strong presumption' that their product, the lodestar figure, represents a reasonable award." Id. "The court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary."[2] Id. As discussed

---

[2] The Ninth Circuit has adopted the following factors to guide the Court's evaluation of a fee award:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional

below, the Court concludes that Plaintiffs' hourly rate is excessive, but that the time spent on this case is reasonable.

A.    Plaintiff's Hourly Rate is Excessive.

In "determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (quoting Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir.1986)).

Plaintiffs seek hourly rates of $375 for Carl Varady and $85 for his paralegal. (Doc. # 49 at 14-15.) The Court finds that Carl Varady's rate is unreasonable. Although Plaintiffs produced declarations from attorneys opining that Mr. Varady's rate is reasonable, after evaluating rates awarded in similar proceedings, the Court finds that an hourly rate of $285 is reasonable. In this district, Mr. Varady has previously been awarded a rate of $275 an hour. D.C. v. Department of Educ., Civ. No. 07-00362 ACK-KSC, 2008 WL 3911011, at *1 (D. Haw. Aug. 25, 2008); Loveland Academy, L.L.C. v. Hamamoto, Civ. No. 07-

---

relationship with the client, and (12) awards in similar cases.
Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

00362 ACK-KSC, 2008 WL 3523895, at *9 (D. Haw. Aug. 25, 2008). Recently, this Court awarded Stanley Levin $300 per hour in IDEA cases. Colyn F. v. State of Hawaii Department of Educ., Civ. No. 12-00009 SOM-BMK, 2012 WL 6738539, at *3 (D. Haw. Dec. 31, 2012); Carrie I. v. Dept. of Educ., Civ. No. 11-00464 JMS-RLP, at 8-10 (D. Haw. July 25, 2012) (awarding similar hourly rates in an IDEA proceeding); Marc M. ex rel. Aidan M. v. Dept. of Educ., Civ. No. 10-00195 DAE-RLP, 2011 WL 5320752, at *4 (D. Haw. May 26, 2011) (same). Mr. Levin has over thirty years of experience in IDEA cases, which is more experience than Mr. Varady. See D.C. v. Department of Educ., Civ. No. 07-00362 ACK-KSC, 2008 WL 2902079, at *5 (D. Haw. July 25, 2008) (noting that Mr. Levin has more experience than Mr. Varady and awarding him a higher rate). Based on the awards in this jurisdiction and the Court's familiarity with the prevailing rates in the community, the Court concludes that $285 per hour is a reasonable hourly rate for Mr. Varady.

The DOE has not challenged Mr. Varady's paralegal's rate of $85 per hour, and Courts in this district have allowed a rate of $85 per hour for paralegals. See Donkerbrook v. Title Guar. Escrow Services, Inc., Civ. No. 10–00616 LEK–RLP, 2011 WL 3649539, at *7 (D. Haw. Aug. 18, 2011); Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2010 WL 447451, at *2-3

(D. Haw. Feb. 9, 2010) (finding that $85 is a reasonable hourly rate for a paralegal with thirty years of experience). Thus, the Court finds that Mr. Varady's paralegal rate is reasonable.

B.  The Court Declines to Reduce Plaintiff Counsel's Hours For Excessive Billing or Block Billing.

Defendant disputes seven of Plaintiff counsel's billing entries, asserting that he spent an excessive amount of time drafting briefs at the administrative level and researching a subpoena. (Doc. # 51 at 13.) Excessive or unnecessary time is not compensable. See Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (quoting Hensley, 461 U.S. at 433–34). The Court concludes that Plaintiff counsel did not spent an excessive amount of time on these tasks. Plaintiff counsel spent 21.4 hours on a supplemental brief, 11.65 hours on the pre-hearing brief, and 7.3 hours on the closing brief. (Doc. # 51 at 13-14; Pl.'s Reply Br. at 8 & Ex. 3.) After reviewing the administrative record, the amount of time does not appear excessive on its face, and without any specific argument as to why it is excessive, the Court concludes that it is reasonable.

Defendant also asserts that the type of legal research and the specific issue researched was not specified in the entries above. (Doc. # 51 at 14.) Local Rule 54.3(d)(2) requires a reasonable description of the work performed in order to collect attorneys' fees, and provides that "entries for legal research must include an

identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary . . . ." LR54.3(d)(2). Many of the entries cited by the DOE do not specify the legal issue researched. For instance, some of the entries are: "Research and draft pre-hearing brief" and "Final research and revisions to brief." (Doc. # 51 at 13.) Ordinarily, the Court might impose a ten percent reduction on the deficient entries. See Schrum v. Burlington Northern Santa Fe Ry. Co., Civ. No. 04–0619 PHX–RCB, 2008 WL 2278137, at *9 (D. Ariz. May 30, 2008) (applying percentage reduction in light of inadequate descriptions). However, in this case, the Court concludes a reduction is inappropriate because Mr. Varady voluntarily reduced his bill by 10.4 hours and did not claim fees for drafting his reply brief. (Doc. # 56 at 5, 9.)

        The DOE also asserts that thirty-seven of Plaintiff counsel's billing entries are block-billed. (Doc. # 51 at 16.) Plaintiff counsel asserts that the billing entries are not block billed, and that they provide adequate information under Local Rule 54.3(d). Block billing occurs when an attorney "enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted). Courts have the authority to reduce block-billed hours because block billing makes it difficult to determine how much time

was spent on particular activities.  <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 948 (9th Cir. 2007).  Many of the disputed entries have two associated tasks in the same line.  For instance, many of the entries are "Read and research arguments in D's Motion for summary judgment" or "Research and draft pre-hearing brief."  (<u>Id.</u>)  Although these entries describe two tasks, it does not hinder the Court's ability to assess their reasonableness.  <u>See</u> <u>Department of Educ. Hawaii v. C.B. ex rel. Donna B.</u>, Civ. No. 10-00576 SOM-RLP, 2012 WL 7475406, at *10 (D. Haw. Sept. 28, 2012) (holding that block billing did not prevent the Court from evaluating the reasonableness of the request).  Finally, some of the entries contain a laundry list of tasks or describe an entire day's work in one billing entry.  For instance, one entry for 8.2 hours states:  "Review exhibits and continue witness preparation and outline of direct examination for hearing."  (Pl's Ex. 10.3.)  The list of tasks in this entry makes it difficult for the Court to gauge its reasonableness.  However, in light of Plaintiff counsel's prior voluntary reductions and the small number of laundry list entries, the Court concludes that a reduction for block billing is inappropriate.

C.      <u>The Witness Preparation Entry Is Not Unreasonable.</u>

   The DOE asserts that an entry for "witness prep" is too vague to determine its reasonableness.  Although the entry fails to specify the witnesses

counsel prepared, 4.2 hours of witness preparation time when five witnesses were called at the hearing is not an unreasonable amount of time. See Witt v. U.S. Dept. of the Air Force, 2012 WL 1747974, at *6 (W.D. Wash. May 16, 2012) ("While it is true that the witnesses are not always identified, it is also true that there were numerous trial witnesses, and these entries are not facially unreasonable for witness prep time."); Pl.'s Reply Br. at 17. Despite the vagueness of the entry, the Court concludes that the time spent is reasonable.

Based on the foregoing, the Court calculates the lodestar as follows:

| Attorney | Reasonable Hours | * Reasonable Rate = | Lodestar |
|---|---|---|---|
| Carl Varady | 255.05 | $285 | $72,689.25 |
| Paralegal | 12.5 | $85 | $1,062.50 |

The Court also awards Plaintiffs general excise tax (4.712%), and therefore FINDS and RECOMMENDS that Plaintiffs be awarded a total amount of $77,226.93 in attorneys' fees. The DOE did not object to Plaintiffs' costs, and the Court awards Plaintiffs costs of $518.17. Thus, the total award of fees and costs is $77,745.10.

DATED: Honolulu, Hawaii, April 30, 2013.

IT IS SO FOUND AND RECOMMENDED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

K. v. Dept. of Educ., State of Hawaii; Civ. No. 12-00355 ACK-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART