IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| SAM K., by and through his PARENTS, DIANE C. and GEORGE K., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawaii, <br><br> Defendant. | Civ. No. 12-00355 ACK-BMK |

**<u>ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

**<u>BACKGROUND</u>**[1]

The parties in this case have been embroiled in litigation since 2003, and the Court has provided a more detailed background of this case in its Order Affirming in Part and Reversing in Part the Administrative Hearing Officer's Decision filed on February 13, 2013 ("2013 Order Reversing AHO Decision"). See ECF No. 46.

Plaintiff Sam K. is a high school student who has been deemed eligible for special education and related services under the Individuals with Disabilities Act ("IDEA"). In October 2011,

---

[1] The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

Sam, by and through his parents, Diane C. and George K. ("Plaintiffs"), filed a due process request to review an Individualized Education Program issued by the State of Hawaiʻi Department of Education ("Defendant" or "DOE") for the 2010-2011 school year.  2013 Order Reversing AHO Decision at 7, ECF No. 46.  After six days of hearings, the Administrative Hearings Officer (AHO) issued a decision denying reimbursement to Plaintiffs for private school tuition costs.  Plntfs.' Objection Ex. 5 at 3.  Although the AHO found, inter alia, that Defendant had failed to meet its requirements under the IDEA and that Plaintiffs were entitled to reimbursement; the AHO denied relief because Plaintiffs allegedly failed to file their hearing request within the statute of limitations period.  2013 Order Reversing AHO Decision at 7-8, ECF No. 46.  Plaintiffs appealed the AHO's decision, and this Court subsequently reversed the AHO's determination regarding the statute of limitations issue and awarded reimbursement to Plaintiffs.  Id at 38-39.

On February 28, 2013, Plaintiffs filed their Motion for Attorneys' Fees and Costs ("Motion").  ECF No. 49.  Defendant filed an Opposition to the Motion on March 14, 2013.  ECF No. 51.  Plaintiffs subsequently filed a Reply on March 28, 2013.  ECF No. 56.

On April 30, 2013, the magistrate judge issued a Findings and Recommendation that Plaintiffs' Motion be granted in

part and denied in part ("April 30 Recommendation"). ECF No. 61. The magistrate judge found, inter alia, that Plaintiff's attorney, Mr. Varady, requested an unreasonably high rate of $375 per hour. Id at 4. The magistrate judge ultimately awarded Mr. Varady an hourly rate of $285 and awarded his paralegal an hourly rate of $85. Id. The magistrate judge also reviewed the number of hours submitted, and concluded that Mr. Varady could collect fees for 255.05 hours while his paralegal could collect fees for 12.5 hours. Id at 6-9. The magistrate judge also awarded Plaintiffs costs in the amount of $518.17. Id at 9. As a result, including tax on the fee award, the magistrate judge recommended a total award of $77,745.10. Id.

  Both Plaintiffs and Defendant filed Objections to the April 30 Recommendation on May 14, 2013. ECF Nos. 62 & 63. Defendant subsequently filed a Reply to Plaintiffs' Objections on May 28, 2013. ECF No. 64. Plaintiffs did not file a Reply to Defendant's Objection. Objections to a magistrate judge's recommendation are usually treated as non-hearing motions to be decided on the submissions. Local Rule 7.2(e). The Court finds that a hearing for this matter is neither necessary nor appropriate. See L.R. 7.2(e).

## **STANDARD**

  A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an

objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); United States v. Rivera-Guerrero, 377 F.3d 1064, 1071 (9th Cir. 2004) (citation omitted); L.R. 74.2.  The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1); L.R. 74.2.  The district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.  Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (citation omitted).

## DISCUSSION

**I. Whether This Court Retains Jurisdiction to Grant Plaintiffs' Attorneys' Fees Motion.**

Defendant's first objection is that the district court lacks jurisdiction to grant a motion for attorneys' fees because Defendant filed a notice of appeal to the Ninth Circuit contesting the result of this Court's Order.  Def.'s Objection at 5-7.  However, the Ninth Circuit has clearly stated that district courts in this circuit retain jurisdiction over attorney's fees motions even if a notice of appeal has been filed.  In re Elias, 188 F.3d 1160, 1164 (9th Cir. 1999) (holding that "a district court in this circuit retains jurisdiction to rule upon a request for attorney fees" even when a notice of appeal has been filed);

Cazares v. Barber, 959 F.2d 753, 755-56 (9th Cir. 1992) (holding that a district court has jurisdiction to grant attorneys' fees even after an appeal has been filed).

In Masalosalo v. Stonewall Ins. Co., the Ninth Circuit explained that the rule of exclusive appellate jurisdiction is "a creature of judicial prudence . . . and is not absolute." 718 F.2d 955, 956 (9th Cir. 1983).  The court of appeals reasoned that the district court's retention of jurisdiction over attorneys' fees motions would avoid "piecemeal appeals" that would hamper judicial efficiency.  Id at 957.  While Defendant directs this Court to the reasoning in the dissenting opinion; the dissent is not the law of this circuit.  Def.'s Objection at 5-6.  Additionally, Defendant's argument that Masalosalo does not apply to IDEA cases is clearly refuted by the Ninth Circuit's language in the opinion in addition to subsequent Ninth Circuit cases applying the holding to other areas of law.[2/]  Masalosalo, 718 F.2d at 956-57.  See In re Elias, 188 F.3d 1160, 1164 (9th Cir. 1999), Cazares v. Barber, 959 F.2d 753, 755-56 (9th Cir. 1992), League of Women Voters of California v. F.C.C., 751 F.2d 986, 990 (9th Cir. 1985).  Accordingly, the Court may exercise jurisdiction to determine Plaintiffs' Motion.

---

[2/] Defendant also cites to Thorp v. United States, 655 F.2d 997 (9th Cir. 1981) for the proposition that this Court lacks jurisdiction.  This Court notes that Thorp predates Masalosalo; moreover, Thorp does not directly address the district court's jurisdiction over attorneys' fees motions.  655 F.2d at 998.

**II. Whether This Court Should Reject the Magistrate Judge's Conclusion Regarding Plaintiffs' Attorney's Hourly Rate.**

Both Plaintiffs and Defendant object to the magistrate judge's determination of the hourly fee for Plaintiffs' attorney, Mr. Varady. Def.'s Objection at 7-8; Plntfs.' Objection at 17-22. The magistrate judge found, inter alia, that Mr. Varady's requested hourly rate of $375 was unreasonable. April 30 Recommendation at 4, ECF No. 61. The magistrate judge considered numerous factors, including the fact that Mr. Varady had previously obtained an hourly rate of $275 in past cases, in finding that an hourly rate of $285 was reasonable. Plaintiffs object to the determination on the basis that the hourly rate of $375 is reasonable (Plntfs.' Objection at 20-22); Defendant objects on the basis that Mr. Varady's hourly rate should not be increased from $275 to $285. Def.'s Objection at 7-8.

Courts use the lodestar calculation from the Supreme Court's decision in <u>Hensley</u> to determine the award of reasonable attorneys' fees in IDEA cases. E.g. <u>Aguirre v. Los Angeles Unified School Dist.</u>, 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in <u>Hensley</u> and its progeny"). The "lodestar" is calculated by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. <u>Morales v. City of San</u>

Rafael, 96 F.3d 359, 363 (9th Cir. 1996) (citation omitted); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

The factors the courts may consider when determining attorneys' fees are as follows:

> (1) the time and labor required,
> (2) the novelty and difficulty of the questions involved,
> (3) the skill requisite to perform the legal service properly,
> (4) the preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee,
> (6) time limitations imposed by the client or the circumstances,
> (7) the amount involved and the results obtained,
> (8) the experience, reputation, and ability of the attorneys,
> (9) the "undesirability" of the case,
> (10) the nature and length of the professional relationship with the client, and
> (11) awards in similar cases.

Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 n.2 (9th Cir. 2000) (citing Hensley, 461 U.S. at 430 n.3).  The district court may not consider whether the case is based on a contingency arrangement when determining reasonable attorney's fees.  City of Burlington v. Daque, 505 U.S. 557 (1992); Davis v. City & County of San Francisco, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

During the first step of calculating the lodestar, the district court excludes from the lodestar amount "hours that are excessive, redundant, or otherwise unnecessary." Van Gerwen, 214 F.3d 1041, 1045 (9th Cir. 2000). Additionally, factors regarding the novelty and difficulty of the questions involved, the quality of the representation, and the results obtained are usually reflected in the number of hours billed and the hourly rate charged. Id at 1045 n. 2; Blum v. Stenson, 465 U.S. 886, 898 (1984).

For the second step after calculating the lodestar, the court may adjust the amount upward or downward using a "multiplier" based on "factors not subsumed in the initial calculation of the lodestar." Id.

Plaintiffs argue that awarding a $285 hourly rate is impermissible because the Court lacks discretion to "hold the line" at a particular rate. Plntfs.' Objection at 19. Plaintiffs cite to Moreno v. City of Sacramento, 534 F.3d 1106 (9th Cir. 2008) for the rule that district courts may not implement a policy of holding fees at a certain level. However, the magistrate judge's considerations do not indicate that the judge attempted to "hold the line" at a certain level. April 30 Recommendation at 4-5, ECF No. 61. The Ninth Circuit in Moreno stated that a court may "consider the fees awarded by other judges in similar cases." 534 F.3d at 1115. In this case, the

magistrate judge based his conclusion on, inter alia, recent fee awards to attorneys involved in similar lawsuits, the skill of plaintiff's counsel, and the results obtained.  April 30 Recommendation at 4-5, ECF No. 61.

The magistrate judge cited to Colyn F. v. State of Haw. Dep't of Educ. in his analysis of determining an appropriate fee award to attorneys involved in IDEA cases.  Civ. No. 12-00009 SOM-BMK, 2012 WL 6738539 at *3 (D. Haw. Dec. 31, 2012).  In Colyn, Mr. Levin was awarded a rate of $300 per hour.  Id at *1. In the instant case, the magistrate judge noted that Mr. Levin has over thirty years of experience in IDEA cases, which is "more experience than Mr. Varady."  April 30 Recommendation at 5, ECF No. 61.  According to Mr. Varady's declaration, he has been in private practice for about sixteen years in comparison to Mr. Levin's thirty years.  Decl. of Varady, ECF No. 63-1.  In light of the fact that the Colyn case had been issued less than a year ago, the magistrate judge correctly determined that $285 is a reasonable rate for Mr. Varady.  See also, Carrie I. v. Dep't. of Educ., Civ. No. 11-00464 JMS-RLP, at 8-10 (D. Haw. July 25, 2012) (awarding Mr. Levin an hourly rate of $300).

In support of his argument that a $375 hourly rate is reasonable, Mr. Varady attaches several declarations from attorneys in the local community.  See Decl. of Paul Alston at ¶¶ 8, 10, ECF No. 63-15; Decl. of Matthew Bassett, ¶¶ 9-10, ECF No.

63-16; Decl. of Susan Dorsey, ¶¶ 9-10, ECF No. 63-17; Decl. of Jerel Fonseca, ¶ 12, ECF No. 63-18; Decl. of Alan Murakami, ¶ 23, ECF No. 63-19.  The Court observes that the three attorneys who generally handle IDEA cases receive an hourly rate of $285 or less for IDEA cases.  Mr. Fonseca received an hourly rate of $285 in 2013.  I.T. ex rel. Renee T. v. Dep't of Educ., Hawaiʻi, Civil No. 11-00676 LEK-KSC, 2013 WL 419016 at *1-2 (D. Haw. 2013).  Ms. Dorsey received an hourly rate of $200 in 2012.  Colyn, 2012 WL 6738539 at *3.  Mr. Bassett received an hourly rate of $225 in 2010.  Dep't of Educ. v. Zachary B., Civil No. 08-00499 JMS-LEK, 2010 WL 346393 at *4 (D. Haw. 2010).

Defendant on the other hand argues that Mr. Varady's rate should not be increased by $10 because 1) the administrative due process hearing in this case involved common as opposed to complex issues and 2) Plaintiff failed to produce evidence that the increase in the hourly rates are in line with those in the prevailing community.  Def.'s Objection at 8.  For the reasons stated above, the Court rejects Defendant's second argument; the magistrate judge examined the rates in the community.  Regarding the first argument, the Court observes that the complexity of the issues in the case is only one of the factors that this Court may consider.  See Van Gerwen, 214 F.3d at 1045 n.2.  In light of the increases in the prevailing rates in the community, Mr. Varady's experience, and the quality of the representation, the Court

determines that it is appropriate to award Mr. Varady a higher rate than what he was awarded some five years ago.  Accordingly, the Court adopts the magistrate judge's findings and recommendation regarding the hourly rate.

**III. Whether Mr. Varady's Hours Should Be Reduced For Block Billing.**

Defendant also argues that Mr. Varady "block billed" thirty seven entries composing about 173 hours, and that the magistrate judge should have subtracted about 20% of the hours because of the allegedly improperly recorded charges.  Def.'s Objection at 9.  The Court observes that Defendant's list of "block-billed" entries contains mistakes such as duplicating entries or incorrectly listing the number of hours connected to a billing entry.  Compare Plntfs.' Mtn for Attorneys' Fees and Costs, Ex. 10.1, ECF No. 49-12 with Def.'s Opp. to Plntfs.' Mtn for Attorneys' Fees at 14-16, ECF No. 51.  Despite these inconsistencies, the Court notes that Defendant identifies 173.65 hours of allegedly "block-billed" entries.  See Plntfs.' Mtn for Attorneys' Fees and Costs, Ex. 10.1, ECF No. 49-12.  Mr. Varady argues that a reduction is not appropriate because the entries provide some information about the task worked on for each day.  Plntfs.' Objection at 30.

According to the Ninth Circuit, block billing is "the time-keeping method by which each lawyer and legal assistant

-11-

enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007).  In this case, a few of the entries fall within this definition because there are entries that list "numerous tasks performed over multi-hour spans." Secalt S.A. v. Wuxi Shenxi Const. Machinery Co., Ltd., 668 F.3d 677, 690 (9th Cir. 2012); see Plntfs.' Mtn for Attorneys' Fees and Costs, Ex. 10.6, 10.9, 10.10, ECF No. 49-12.

  The magistrate judge observed that, even though some of the entries described two tasks instead of one, the inclusion of two tasks did not hinder the court's ability to determine the reasonableness of the charges.  April 30 Recommendation at 8, ECF No. 61.  After reviewing the billing records, this Court concludes likewise.  Entries such as "Review supplemental exhibits and draft responsive declaration to MPuu" and "Research and draft pre-hearing brief" are sufficiently clear even if two tasks are described in the same entry.  See Plntfs.' Mtn for Attorneys' Fees and Costs, Ex. 10.1, ECF No. 49-12.  As a result, the Court determines that it need not impose a reduction for such entries.  See Dep't of Educ. Hawaiʻi v. C.B. ex rel. Donna B., Civ. No. 11-00576 SOM-RLP, 2012 WL 7475406 at *10 (D. Haw. 2012), adopted as order of the court by Dep't of Educ. Hawaiʻi v. C.B. ex rel Donna B., 2013 WL 704934 (D. Haw. 2013).

A few entries contain a laundry list of tasks.  Such entries include statements like "Review exhibits and continue witness preparation and outline of direct examination for hearing" for an entry of 6.60 hours.  Plntfs.' Mtn for Attorneys' Fees and Costs, Ex. 10.4, ECF No. 49-12.  However, the Court notes that there are only a few of these entries, composing about 20 of the hours billed.  Id at 10.4, 10.5, 10.6.  Additionally, Mr. Varady reduced his bill by 10.4 hours and did not claim fees for his Reply submitted to the magistrate in support of his attorneys' fees motion or the Objection submitted to this Court.[3/]  After considering Mr. Varady's voluntary deductions, the Court concludes that a reduction of part of the approximately 20 block-billed hours is not warranted.  See Secalt, 668 F.3d at 690 (holding that the district court did not abuse its discretion by awarding fees for a small number of block-billed entries); Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2011 WL 1235548 at *11 (D. Haw. 2011); and Dep't of Educ. Hawai'i v.

---

[3/] According to Colyn F. v. Dep't of Educ., Hawai'i, attorneys may charge and collect fees for work completed in the course of litigating an attorneys' fees dispute under the IDEA. Civ. No. 12-00009, 2012 WL 6738539 at *4-7 SOM/BMK (D. Haw. 2012).  The Court assumes that Mr. Varady could have charged at least an additional 25 hours for work completed for the fee dispute.  See Plntfs.' Reply for Mtn. for Attorneys' Fees at 5, ECF No. 56 (noting that Mr. Varady spent around 16.7 hours working on the Reply memorandum); Plntfs.' Objections at 26, ECF No. 63 (noting that Mr. Varady spent 8.9 hours working on Plaintiffs' Objection).

C.B. ex rel. Donna B., Civ. No. 11-00576 SOM-RLP, 2012 WL 7475406 at *10 (D. Haw. 2012).

**IV. Whether Mr. Varady's Hours Should Be Reduced for Failure to Specify the Type of Research Performed.**

The Court observes that under Local Rule 54.3(d)(2), an attorney should include the specific issue researched when describing legal research tasks. In this case, Mr. Varady did not specify the issue researched in many of the billing entries. Plntfs.' Mtn for Attorneys' Fees and Costs, Ex. 10.1, 10.2, 10.3, 10.6, 10.7, 10.8, 10.9, 10.10, ECF No. 49-12.

While the magistrate judge concluded that Mr. Varady's entries were not sufficiently detailed, the magistrate judge declined to impose a reduction because Mr. Varady voluntarily reduced his bill as explained above. See Section III *supra* at 13, 13 n.13; April 30 Recommendation at 7, ECF No. 61; Plntfs.' Reply for Mtn. for Attorneys' Fees, ECF No. 56 at 5, 9. This Court likewise finds that a 20% reduction of the approximately 90 hours recorded with improper research entries is not warranted based on Mr. Varady's voluntary reductions.

**V. Whether Mr. Varady's Hours Should Be Reduced for Lack of Specificity Regarding Witness Preparation.**

Defendant contends that Mr. Varady should not receive fees for an entry of 4.2 hours described as "Witness prep." Plntfs.' Mtn for Attorneys' Fees and Costs, Ex. 10.4, ECF No. 49-

12.  However, the Court observes that 4.2 hours of witness preparation time is not an unreasonable amount of time when five witnesses are called to testify at a hearing.  See Witt v. U.S. Dep't of the Air Force, Civ. No. 06-cv-05195, 2012 WL 1747974 at *6 (W.D. Wash. 2012) (awarding forty-two hours of attorneys' fees despite entry description of "witness prep" because the number of hours was reasonable in light of the numerous trial witnesses involved in the case); Plntfs.' Objection at 33, Ex. 5 at 10, 11, 14.  As a result, the Court concludes that Mr. Varady should be awarded fees for witness preparation.

**VI. Whether This Court Should Incorporate Defendant's Prior Briefs Regarding the Attorneys' Fees Dispute.**

Defendant's objection attempts to incorporate by reference Defendant's Memorandum in Opposition considered by the magistrate judge.  See Objection at 2-3.  Under Rule 10(c), parties may incorporate by reference only pleadings or exhibits to pleadings.  Swanson v. U.S. Forest Serv., 87 F.3d 339, 345 (9th Cir. 1996); see Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).  A pleading is a complaint, an answer, or a court-allowed reply to an answer – not a motion or other paper.  Fed. R. Civ. P. 7.  There is no authority for the DOE's attempt to incorporate prior briefing instead of explaining its arguments in its Objection.  See Roth v. Meridian Fin. Network, Inc., No. 07-00045, 2008 WL 3850478, at *2 (D. Haw. Aug. 19, 2008).

Nevertheless, the Court has reviewed Defendant's Memorandum in Opposition and is not persuaded by the arguments contained therein for the reasons set forth above.

As a result of the above conclusions, the Court also declines to consider Defendant's argument that Mr. Varady should be barred from clarifying any block-billed entries. Defendant argues that Mr. Varady needed to submit clear time records contemporaneously with his initial attorneys' fees application. Def.'s Objection at 11. Defendant also argues that, in the event this Court rejects the magistrate judge's findings and recommendation, Mr. Varady should not be allowed to amend his billing entries. Id at 11-12. However, because the Court concludes that the fees awarded by the magistrate judge need not be reduced, the issue of whether Mr. Varady should be allowed to amend his billing entries is moot.

Accordingly, the Court adopts the magistrate judge's calculation of the lodestar as follows:

| Attorney | Reasonable Hours | Reasonable Rate | Lodestar |
| --- | --- | --- | --- |
| Carl Varady | 255.05 | $285 | $72,689.25 |
| Paralegal[4/] | 12.5 | $85 | $1,062.50 |

---

[4/] Defendant did not contest the magistrate judge's determination regarding the paralegal's fees. See generally, Def.'s Objection, ECF No. 62.

The Court also awards Plaintiffs general excise tax (4.712%) on the fee award for a total amount of $77,226.93 in attorneys' fees.  Finally, the Court awards Plaintiffs their costs of $518.17.  Accordingly, the total award of fees and costs is $77,745.10.

## CONCLUSION

For the foregoing reasons, the Court adopts the magistrate judge's Findings and Recommendation that Plaintiffs be awarded a total of $77,745.10 in attorneys' fees and costs.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, June 17, 2013.



_____
Alan C. Kay
Sr. United States District Judge

Sam K. v. Haw. Dep't of Educ., Civ. No. 12-00355 ACK-BMK: ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS.